## IVINSON & CO., v. ALTHROP.

BREACH OF CONTRACT—LIQUIDATED DAMAGES.—In a contract for the trans-
portation of freight, it was provided "that in the event of either of the
parties failing to comply with the terms of the contract, the party so
failing was to pay the other party the sum of one thousand dollars, fixed
and settled damages." *Held*, that this was not intended, nor to be con-
strued as meaning a penal sum; but as fixed, settled and liquidated
damages, and the defendant was not permitted to show that the plaintiff
had not sustained actual damages to that amount.

ERROR to the First District Court for Laramie County.

The following is the statement of the case as given by the
court upon the delivery of the opinion.

This was an action on a written contract brought by
Darius Althrop to the adjourned November term, 1871.
The plaintiff's petition alleges that the defendants entered
into a written contract thereto attached, and made a part
thereof, in which it was stipulated among other things, that
the plaintiff was to deliver at Fort Laramie in this territory,
five hundred cords of wood for the use of the United States
troops at said fort, such as would be received by the post-
quartermaster, at the times and in the manner stipulated;
and that one of the stipulations of the said written contract
was, that in the event of either of the parties failing to com-
ply with the terms of the said contract, the party so failing
was to pay to the other party the sum of one thousand
(1,000) dollars, fixed and settled damages. That in pursu-
ance of the said agreement, the plaintiff hired several men
as wood-choppers, teamsters, etc.; that he spent considera-
ble time, labor and expense in fitting up and arranging his
wagons for the purpose of hauling the wood; that he laid in
a large stock of provisions, viz.: to about the value of four
hundred (400) dollars; that he left home with his men,
teams, and provisions, in time to commence fulfilling his
part of the said contract; that after he had proceeded on his
way some fifty or more miles, he was met by one of the
partners of the defendants, and informed by him that he

should not proceed further, as they would have to abandon the contract, from the fact that they, the defendants, had failed to procure the contract from the United States, and consequently they would have to break their agreement with the plaintiff; telling him further that he, the plaintiff, should return home and come to Laramie city; and they, the defendants, would settle with him. That plaintiff went within a few days to Laramie city for that purpose, but failed to procure a satisfactory settlement. Suit was then brought in the county of Laramie, a summons issued and served on Edward Ivinson, one of the defendants. The case coming on for trial at the adjourned November term, on Tuesday, January 16, A. D. 1872, the defendant, by his attorney, Mr. Street, filed a general demurrer, which after argument was overruled by the court, Chief Justice Fisher presiding, to which ruling defendant excepted. Leave was then given to the defendants to answer by the next Thursday.

The answer of the defendant being filed a motion was made by defendant for a change of venue, which, after argument, was overruled by the court. On Monday, February 30, 1872, a jury was duly impaneled, and the case proceeded with the defendant excepting to certain rulings of the court in rejecting certain evidence offered by defendant, as will appear by defendants', now plaintiffs in error, bill of exceptions. The jury retired under the following charge of the court, reduced to writing at the request of defendants' counsel:

"Charge: There was a contract in writing entered into between the parties to this action, which has been given in evidence on the trial and made a part of plaintiff's petition, and not disputed on the part of the defendant. One of the terms of this contract is, that if either of the parties fail to carry out in good faith any or all of the covenants and agreements specified in the written contract, the party so failing shall forfeit and pay to the other the penal sum of one thousand dollars, as fixed and settled damages.

"Now it is contended by the plaintiff that this one thousand dollars mentioned in the written contract is the measure of damages to which they are entitled; while the defendants on the other hand hold that only such an amount can be recovered, as it has been conclusively proven to have been sustained by plaintiff by reason of the failure of the defendants to carry out the terms of the contract on their part.

"Now, gentlemen, the courts have held on this question on both sides; that is, they have sustained both the view taken by plaintiff and that taken by defendants. Some learned courts have held that the terms of the written contract settles the question, and that the one thousand dollars are to be treated as liquidated damages, while others, equally learned, have held that the measure of damages is to be found in the actual loss of profits, or in the difference between what the wood would have cost the plaintiff delivered at Fort Laramie and the amount he was to receive from defendants for delivering it.

"There is one point, however, in which there appears harmony in the opinions of the courts, and that is this: That whatever was understood by the parties at the time the contract was made settles the question as to the measure of damages, and what was the understanding of the parties must be learned from the language of the contract itself. Now if this contract merely said that for the true performance of all and singular the covenants and agreements herein contained, each binds himself or themselves to the other in the penal sum of one thousand dollars, then the measure of damages would have to be found by ascertaining what the plaintiff lost by the failure of the defendants to perform their part of the agreement.

"But the words of the contract are very definite; they go on to say that this sum of one thousand dollars was to be the fixed and settled damages. Now it is claimed that the plaintiff has sustained damages beyond the sum of one thousand dollars, but the plaintiff having brought his action for but one thousand dollars, he is limited to that amount.

My view of this case then is, that the contract fixes by its own terms the amount to which the plaintiff is entitled, and having brought his action on this hypothesis, he cannot recover any other sum.

" Your verdict, then, should be for the plaintiff, and assess the damages at what you find to be right under the contract."

Under this charge the jury returned a verdict for plaintiff for one thousand dollars. A motion was then made for a new trial, which was overruled.

The defendant, by his counsel, then brought up his case on a writ of error, and assigned the following points of error :

I. The court overruled the defendant's demurrer, to which he excepted, and the court overruled the defendant's application to have the venue of this cause changed, to which he excepted.

II. The jury erred in the assessment of damages, making the same too large.

III. The verdict is not sustained by sufficient evidence.

IV. The court erred in sustaining the objections of the plaintiff to certain testimony offered by the defendant at the trial, and the court erred in its instructions to the jury, whereby and by reason of all which injustice was done to the defendant on the trial of said cause.

*Thomas J. Street,* for plaintiff in error, cites: Sedg. on Damages, 392, 575; 14 Gray, 165; 21 Wend. 456; Code, sec. 770. On the question of the court overruling the testimony of defendant's witnesses: Graham & Waterman on New Trials, 665, 674; and upon the effect of the instructions to the jury: Graham & Waterman, 725, 763; 19 Wend. 402; 12 Mass. 22; 11 Pick. 367; 16 Wend. 676; 12 Johns. 513; and upon the question of change of venue: Code, secs. 58, 59.

*W. W. Corlett,* for defendant in error, cites first on the

question of the demurrer of defendant: Sedg. on Dam. 682; 4 Iowa, 551; 3 Id. 209.    On the question of a change of venue: Civ. Code, secs. 58, 59; Voorhies Code, 148–152. On the rejection of the evidence: Sedg. on Dam. 223, 459. On the instructions to the jury: 4 Wend. 484; 8 Id. 109; 4 Kern. 310; 4 Seld. 37; 2 Id. 233; 1 Kern. 416; 1 Seld. 422; Graham & Waterman, 862 *et seq.*; 1 Denio, 162.    Upon the question of the misdirection of the court as to its effect, where no injustice has been done: Graham & Waterman, 862; 9 Cowan, 680.

And as to whether the contract is binding on the parties, so that the measure of damages is to be ascertained by the terms of the written agreement, or whether the measure of damages is to be ascertained by proving the actual loss sustained, he cites: Sedg. on Meas. of Dam. 412; Id. 421; 13 Gray, 42.

*Mr. Street,* in his reply, by consent, cites: 4 Iowa, 551; 21 Wend. 426.

By the Court, FISHER, C. J.    The first part which presents itself to this court, in accordance with the line of argument pursued by the counsel on both sides of this case, is whether the court below erred in overruling the defendant's (in the court below) demurrer.    Of this there cannot be any doubt when we consider the office of a demurrer.    Mr. Chitty, in his work on pleading, than which there is no higher authority, lays down the maxim that a general demurrer goes to the whole of the declaration, or in this territory the petition, so that if a general demurrer be filed to the declaration or petition, in order to sustain the demurrer, the declaration or petition must be defective in every part, and if the plaintiff in the action has set out in his petition, any one cause of action which can be sustained by the evidence, however defective his petition may be upon other points, the defective parts must be met by a special, and not by a general demurrer.    On the subject of

a change of venue, we find no provision in the civil code of this territory, authorizing a party to an action to apply for this remedy, except what is provided for in section 59 of the code of civil procedure of this territory, which is where it is provided:

"That if a party to an action shall make affidavit that he believes that from the bias, prejudice or partiality of the judge, he cannot get a fair and impartial trial, the court shall change the place of trial to some other district; or for the convenience of parties, the judge may request the judge of some other district to try the action in the county where the suit is pending."

Now, in this case there was no such affidavit made, and of course it was not obligatory on the court below to order such change, hence we can discover no error in this respect. The most important error assigned by the plaintiff in error or defendant below is, that the court erred in sustaining the plaintiff's (in the court below) objection to evidence offered by the defendants below on the question of the measure of damages.

It depends upon what view the court below took as to what established the measure of damages. If the court held, as it appears to have done, that the written contract determined the measure of damages, it would have been enough to have permitted the written contract to have been proven, and then to have allowed the plaintiff below to have shown that its terms had been broken by the defendants, and then to have instructed the jury that the measure of damages was settled by the contract itself, and if so, no other evidence should have been allowed, except to show some circumstance by which it could be made to appear that the contract had been broken by some act of the plaintiff below. The exception to the charge of the court below on the subject of its instructions is somewhat of the same nature of the general demurrer. We think that the exception to the charge of the court should be not to the

whole charge, but to some specific portions of it, unless it was wrong in every part, and this we presume will not be claimed. In the fourth of Kernan's Reports, page 310, it was held that a general exception to a charge of the court containing distinct propositions is unavailing, unless the party excepting show that each proposition is erroneous. In the same case the court of appeals of the state of New York held that a general objection to the charge is not sufficient, the objection must be to some specific point of the charge.

In this case we fail to see that the charge is erroneous in any one of the propositions.

On the subject of the measure of damages, it was held in a case cited in Sedgwick on the Measure of Damages, page 412, that an action was brought on a written contract; the defaulting party to the instrument agreed to forfeit the sum of eight hundred dollars, fixed and settled damages; that the words of the contract were held to be too express to be questioned, and the land not having been conveyed according to the terms of the contract the sum was treated as liquidated damages. The same doctrine was held in the courts of Massachusetts and several of the other states. The question of actual damages is one that often becomes quite difficult to determine, and in the case under consideration this difficulty seems to present itself. A party is justified in claiming damages not only on actual loss of outlay but for a failure to realize anticipated profits; and while it would be impossible to estimate the exact amount of damages sustained by the breach of the contract, there is a rule established by the contract itself which, from the definiteness of its terms, appears to have been clearly understood by the parties when the contract was signed, hence the jury were relieved of the labor of ascertaining the actual amount by parol evidence; and we are of the opinion that the court below was right in its instructions to the jury to take the contract as liquidated damages.

It is held by the counsel for the defendant in error that

notwithstanding the instructions may have been wrong in some particulars, yet if substantial justice was done that then the verdict should not be disturbed. This doctrine is so well established that we deem it useless to enlarge upon it here; but we do not apprehend the necessity of applying the principle to this case, inasmuch as the verdict is fully justified upon the terms of the contract.

The judgment is affirmed.